IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GIRALDO ROSALES, an individual; MELVIN BOATNER, an individual: ADRIAN FLOWERS, an individual: and FRANK MCCURRY, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF ILLINOIS; TRUSTEES OF THE UNIVERSITY OF ILLINOIS; and MAUREEN BANKS, in her official capacity; HEIDI JOHNSON, in her official capacity; CHAD GARRETT, in his official capacity: and MARK BARCUS, in his official capacity <br><br> Defendants. | No. 2:19-CV-02021 <br><br> The Honorable Colin Stirling Bruce |

**DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(1) AND 12(B)(6)**

Defendants the University of Illinois, the Board of Trustees of the University of Illinois,[1] Maureen Banks, in her official capacity, Heidi Johnson, in her official capacity, Chad Garrett, in his official capacity, and Mark Barcus, in his official capacity, (collectively, "Individual Defendants") (altogether, "Defendants") by and through their undersigned counsel, respectfully request that the Court dismiss the Complaint filed by Plaintiffs Giraldo Rosales, Melvin Boatner, Adrian Flowers and Frank McCurry ("Plaintiffs") with prejudice in its entirety. The basis for Defendants' requests are set forth below and in the Memorandum in Support ("Supporting Memorandum") filed concurrently herewith and incorporated herein by reference.

1.  Plaintiffs purport to assert claims under Title VII of the Civil Rights Act of 1964

---

[1] Plaintiffs' Complaint improperly refers to both "the University of Illinois" and the "Trustees of the University of Illinois." The appropriate legal entity is "The Board of Trustees of the University of Illinois."

1

("Title VII"), the Illinois Civil Rights Act ("ICRA"), and the Civil Rights Act of 1871 ("Section 1983"). All Plaintiffs assert claims for retaliation (Counts I, II, and III). Under those same statutes, Rosales, Flowers and McCurry allege the University Defendants discriminatorily failed to promote them (Counts IV, V, and VI), while Boatner and Rosales claim they were subjected to "discriminatory pay raises" (Counts VII, VII, and IX). Lastly, Rosales asserts a claim under Title VII based on his alleged failure to receive training (Count X).

2. The doctrine of sovereign immunity bars Plaintiffs' claims against Defendants under Section 1983 (Counts II, V and VIII). Under the Eleventh Amendment, states, such as Illinois, are generally immune from suit unless the state has clearly and unequivocally waived that immunity. Because Illinois has not done so for claims under Section 1983, Plaintiffs are barred from suing Defendants under that statute. Accordingly, Plaintiffs' Section 1983 claims fail and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

3. Plaintiffs remaining claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' retaliation claims (Counts I, II and II) fail to state a claim because: (i) Boatner, Rosales and McCurry fail to adequately explain the gap in time between their alleged protected activity and the adverse actions they purportedly suffered; (ii) Flowers and McCurry's conclusory allegations regarding temporary promotions (referred to as "upgrades" in the Complaint) are too conclusory and vague to be connected to any alleged protected activity; and (iii) Plaintiffs otherwise do not provide sufficient detail regarding other purportedly protected conduct to establish it was, in fact, protected. Accordingly, Plaintiffs' retaliation claims fail as a matter of law and must be dismissed.

4. Many of Plaintiffs' Title VII claims also fail because they failed to contest the basis of those claims at the Equal Employment Opportunity Commission ("EEOC"). Specifically,

because their EEOC charges do not contain any specific adverse employment actions referenced by the Complaint, Boatner, Flowers and McCurry's Title VII discrimination claims (Counts IV and VII) must be dismissed based upon their failure to exhaust administrative remedies. Similarly, Plaintiffs Boatner and McCurry did not exhaust their Title VII retaliation claims (Count I) because their EEOC charges do not reference a single, specific instance of protected activity. Nor did Plaintiff Rosales exhaust his failure-to-train claim under Title VII (Count X)—he never alleged the University Defendants failed to provide him training opportunities in his EEOC charge. As a result, the claims set forth herein, which occurred more than 300 days prior to the filing of Plaintiffs' Complaint, are now time barred.

5. Plaintiffs Flowers' and McCurry's failure-to-promote discrimination claims based on their lack of alleged upgrades also must be dismissed because upgrades do not, as a matter of law, qualify as an adverse action for purposes of establishing a discrimination claim (Count IV). Moreover, all Plaintiffs' discrimination claims (Counts IV-X) fail because they have not, even in conclusory terms, established that any relevant decision-maker harbored discriminatory animus toward them.

6. Finally, Plaintiffs' ICRA claims (Counts III, VI and IX) are deficient because ICRA is designed as a disparate impact remedy and does not encompass intentional discrimination. Plaintiffs' claims under ICRA also should be dismissed for the same reasons as their Title VII claims.

WHEREFORE, for these reasons and those set forth Supporting Memorandum, Defendants respectfully request that the Court enter an order dismissing this suit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) as set forth in the Supporting Memorandum and granting any such other just and equitable relief.

Dated: April 15, 2019	Respectfully Submitted,

        UNIVERSITY OF ILLINOIS, TRUSTEES OF THE UNIVERSITY OF ILLINOIS, MAUREEN BANKS, HEIDI JOHNSON, CHAD GARRETT, and MARK BARCUS

By:  *s/ Christopher B. Wilson*
     One of Their Attorneys

Christopher B. Wilson
Jonathan Buck
Christopher Lepore
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400
CWilson@perkinscoie.com
JBuck@perkinscoie.com
CLepore@perkinscoie.com

## **CERTIFICATE OF SERVICE**

    I, Christopher Wilson, certify that on April 15, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may also access this filing through the Court's ECF system.

                                          By: *s/ Christopher B. Wilson*